IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES GOLF ASSOCIATION, a Delaware corporation,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:   C.A. No. 07-379-JJF<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Defendant United States Golf Association*

OF COUNSEL:

Lee N. Abrams, Esquire
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083

DATED: October 29, 2007

{BMF-W0062040.10}

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. iii

INTRODUCTION .................................................................................................................. 1

SUMMARY OF ARGUMENT ............................................................................................... 3

STATEMENT OF FACTS ...................................................................................................... 5

ARGUMENT .......................................................................................................................... 7

    I. BOYD LACKS STANDING TO MAINTAIN A CLAIM UNDER EITHER SECTION 1 OR SECTION 2 OF THE SHERMAN ACT .............................. 8

    II. THE COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM UNDER SECTION 1 OF THE SERMAN ACT ....... 9

        A. Boyd Has Failed to Plead The Existence of a Contract, Combination or Conspiracy ........................................................................................................ 9

        B. Boyd Has Not Alleged an Agreement in Restraint of Trade ..................... 10

        C. The Complaint Fails to Allege That The USGA's Determination Adversely Affected Interstate Commerce ................................................... 12

    III. THE COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM UNDER SECTION 2 OF THE SHERMAN ACT .. 13

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASE**                                                   **PAGE(S)**

*Acierno v. Haggerty*,
2005 U.S. Dist. LEXIS 30353 (D. Del. Nov. 23, 2005) .................... 5

*American Bearing Co. v. Litton Industries, Inc.*,
729 F.2d 943 (3d Cir. 1984) .................... 13

*Bologna v. Allstate Ins. Co.*,
138 F. Supp. 2d 310 (E.D.N.Y. 2001) .................... 8

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977) .................... 10

*Colburn v. Upper Darby Twp.*,
838 F.2d 663 (3d Cir. 1988) .................... 7

*Fuentes v. South Hills Cardiology*,
946 F.2d 196 (3d Cir. 1991) .................... 9, 12

*Greene v. Connecticut Board of Accountancy*,
2001 U.S. Dist. LEXIS 12568 (D. Conn. Mar. 20, 2001) .................... 12, 13

*Gunter Harz Sports, Inc. v. United States Tennis Association, Inc.*,
511 F. Supp. 1103 (D. Ne. 1981), *aff'd*, 665 F.2d 222 (8th Cir. 1981) .................... 10, 11

*International Raw Materials v. Stauffer Chem. Co.*,
978 F.2d 1318 (3d Cir. 1991) .................... 8

*JES Properties, Inc. v. USA Equestrian, Inc.*,
253 F. Supp. 2d 1273 (M.D. Fl. 2003) .................... 9, 12, 13

*Jimi Rose v. The Morning Call Inc.*,
1997 U.S. Dist. LEXIS 3912 (E.D. Pa. Mar. 28, 1997) .................... 12

*Marian Bank v. Electronic Payment Servs., Inc.*,
1997 U.S. Dist. LEXIS 21021 (D. Del. Dec. 30, 1997) .................... 14

*McIntyre v. City of Wilmington*,
2002 U.S. Dist. LEXIS 14569 (D. Del. 2002) .................... 7

*Medtronic Minimed Inc. v. Smiths Med. MD Inc.*,
371 F. Supp. 2d 578 (D. Del. 2005) .................... 14

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997) .................... 7

*Piccione v. Bd. of Directors of Doctors Hospital of Staten Island, Inc.*, 2000 U.S. Dist. LEXIS 12249 (S.D.N.Y. Aug, 28, 2000)..................................................................9

*Schuylkill Energy Resources v. Pennsylvania Power & Light Co.*,
113 F.3d 405 (3d Cir. 1997)........................................................................................ 7

*Silver v. New York Stock Exchange*,
373 U.S. 341 (1963)................................................................................................. 10

*Superior Models, Inc. v. Tolkien Enterprises*,
1981 U.S. Dist. LEXIS 13905 (D. Del. Aug. 14, 1981) ................................................. 14

*Weight-Rite Golf Corp. v. United States Golf Assoc.*,
1990 U.S. Dist. LEXIS 15461 (M.D. Fla. Sept. 12, 1990) ......................................... 5, 6

*Weight-Rite Golf Corp. v. United States Golf Assoc.*,
766 F. Supp. 1104 (M.D. Fla. 1991), *aff'd*, 953 F.2d 651 (11th Cir. 1992) .. 5, 6, 10, 11, 12

## Other Authorities

15 *U.S.C.* § 1, *et seq*..............................................................................................3, 7

15 *U.S.C.* § 2. .......................................................................................................7, 13

## INTRODUCTION

On June 12, 2007, plaintiff William Boyd ("Plaintiff" or "Boyd"), appearing *pro se*, filed a handwritten form complaint (the "Complaint") against defendant United States Golf Association (the "USGA").[1] The allegations in the Complaint total one paragraph. Boyd claims that he was injured by the USGA's determination that his golf club design does not conform to the Rules of Golf, which are established by the USGA to preserve the traditions and challenge of the game of golf.

On the same day, Boyd filed three other unrelated complaints *pro se* (C.A. Nos. 07-376-JJF, 07-377-JJF and 07-378-JJF), using form complaints.

Boyd's Complaint against the USGA does not reference or state any cause of action. The civil cover sheet attached to the Complaint merely states, in conclusory terms, "antitrust causes of action 15 USC." The civil cover sheet also includes, without any explanation, a demand for $68 million in damages.

Boyd's putative antitrust claims fail as a matter of law because, even if all doubts are resolved in Boyd's favor, the Complaint is devoid of factual allegations that support any antitrust claim. The Complaint does not allege, for example, (1) the existence of a conspiracy, (2) injury to competition in any relevant market, (3) a restraint of trade, (4) a substantial adverse effect on interstate commerce resulting from the USGA's purported action, or (5) that the USGA obtained or maintained monopoly power through anti-competitive conduct. Given its broadest reading, the Complaint alleges only that the USGA's ruling injured Boyd alone. That allegation is insufficient as a matter of law to plead an antitrust claim under either Section 1 or Section 2 of the Sherman Act.

---

[1] The complaint and summons were served on the USGA on October 19, 2007.

Therefore, the Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to F.R.C.P. 12(b)(6).

On October 29, 2007, the USGA filed a motion to dismiss the Complaint for failure to state a claim pursuant to F.R.C.P. 12(b)(6). This is the USGA's Opening Brief in Support of its Motion to Dismiss for Failure to State a Claim.

## SUMMARY OF ARGUMENT

Plaintiff's complaint lacks well-pleaded factual allegations necessary to plead a claim under either Section 1 or Section 2 of the Sherman Act, 15 *U.S.C.* § 1, *et seq.*, for three reasons.

First, Boyd does not have standing to maintain an antitrust cause of action under either Section 1 or Section 2 of the Sherman Act. The antitrust laws protect competition, not competitors. Boyd has failed to plead any facts establishing that the challenged action has had an actual adverse effect on competition in a relevant market. Because the heart of Boyd's antitrust claim is that he alone suffered an economic injury when the USGA determined that his golf club design does not conform to the Rules of Golf, Boyd lacks standing to maintain a cause of action under either Section 1 or Section 2 of the Sherman Act.

Second, Boyd has failed to plead sufficient facts to establish a claim under Section 1 of the Sherman Act, which prohibits agreements in restraint of trade that have an adverse effect on interstate commerce. Boyd has not alleged, and cannot properly allege, that the USGA entered into any agreement in restraint of trade. Nor has Boyd challenged either the USGA's right to promulgate the Rules of Golf or the USGA's adoption of any particular Rule. Rather, Boyd claims that he alone was harmed by the USGA's alleged misinterpretation of one of its own Rules. However, the Sherman Act does not apply to unilateral interpretations of the rules of a sport by the entity that governs that sport.

Third, Boyd has failed to plead facts to support a cause of action under Section 2 of the Sherman Act, which prohibits monopolization, attempts to monopolize and

conspiracies to monopolize. Boyd has not alleged, and cannot properly allege, such conduct by the USGA.

## STATEMENT OF FACTS

Boyd is a citizen of Delaware. (Civil Cover Sheet III).

The USGA is a Delaware corporation with its principal place of business located in Far Hills, New Jersey. (Civil Cover Sheet I(c), III; Compl. ¶3) The USGA is a non-profit association of golf clubs and golf courses. *Weight-Rite Golf Corp. v. United States Golf Assoc.*, 766 F. Supp. 1104, 1107 (M.D. Fla. 1991), *aff'd*, 953 F.2d 651 (11th Cir. 1992).[2] The USGA does not manufacture or sell golf equipment. *Weight-Rite Golf Corp. v. United States Golf Assoc.*, 1990 U.S. Dist. LEXIS 15461, *6 (M.D. Fla. Sept. 12, 1990). The USGA is governed by an executive committee of volunteer golfers who are elected by the golf clubs and golf courses that are members of the USGA. *Id.* at *6-7.

The USGA publishes the Rules of Golf, and applies those Rules in the various national championships that it conducts each year, including the U.S. Open and the U.S. Amateur Championship. 766 F. Supp. at 1107. Although many of the USGA's member golf clubs and golf courses apply the Rules of Golf in the competitions that they conduct, the USGA does not require that they do so. *Id.* at 1108-09. When any of those entities applies the Rules of Golf in its competitions, it does so as a result of its own independent choice. *Id.* Thus, the USGA only has the power to enforce the Rules of Golf in the various national championships that the USGA itself conducts each year. *Weight-Rite Golf Corp.*, 1990 U.S. Dist. LEXIS 15461, at *3.

The Rules of Golf prescribe the characteristics of the equipment that a golfer may use in an event that is conducted pursuant to those Rules. 766 F. Supp. at 1107. "The

---

[2] On a motion to dismiss, a court may take judicial notice of decisions of other courts, without converting the motion to dismiss into a motion for summary judgment. *Acierno v. Haggerty*, 2005 U.S. Dist. LEXIS 30353, *19 (D. Del. Nov. 23, 2005).

{BMF-W0062040.10}                        5

purpose of the Rules [of Golf] is 'to preserve the traditions of the game, and to insure that a player's score is the product of his skill, rather than his equipment.'" *Id.* at 1107-08. The USGA encourages golf equipment manufacturers to submit their equipment for a ruling on whether the equipment conforms to the Rules of Golf, prior to marketing the equipment. *See* 1990 U.S. Dist. LEXIS 15461, at *14.

According to the single paragraph of factual allegations in the Complaint, Boyd contends that the USGA determined that Boyd's golf club design is "non-conforming" even though it "follows all the Rule/guidelines." (Compl. ¶ 9). The Complaint states that "the alleged discriminatory acts" occurred on February 15, 2007. (*Id.* ¶ 3). Boyd alleges that, "[w]ith the golf club having a non-conforming status it eliminates all of the sales/marketing assets." (*Id.*)

## ARGUMENT

On a motion to dismiss for failure to state a claim, the Court must determine "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988). Although the factual allegations in the complaint are accepted as true, the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even where, as here, the complainant is acting *pro se*, the Court will dismiss the complaint pursuant to Rule 12(b)(6) if the plaintiff has not alleged "any set of facts" to prove the asserted claim. *McIntyre v. City of Wilmington*, 2002 U.S. Dist. LEXIS 14569, *18 (D. Del. 2002) (dismissing *pro se* complaint for failure to demonstrate that termination of employment was racially motivated).

"A plaintiff's right to maintain a private cause of action for damages arising under 15 *U.S.C.* §[§ 1 and] 2 of the Sherman Act flows from § 4 of the Clayton Act, which provides for suits by any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." *Schuylkill Energy Resources v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 413 (3d Cir. 1997) (citing 15 *U.S.C.* § 15(a)). Although Boyd's Complaint fails to reference any specific statutory provision or otherwise explain the basis of his "antitrust" claim, the USGA will assume, *arguendo*, for purposes of this motion that Boyd seeks to assert an antitrust claim under Section 1 and/or Section 2 of the Sherman Act.

I.  **BOYD LACKS STANDING TO MAINTAIN A CLAIM UNDER EITHER SECTION 1 OR SECTION 2 OF THE SHERMAN ACT.**

"A private plaintiff seeking damages for violation of the antitrust laws must establish standing to sue." *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 319 (E.D.N.Y. 2001); *see also International Raw Materials v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327-28 (3d Cir. 1991). To establish standing, the plaintiff must allege, as a threshold matter, "'that the challenged action has had an *actual* adverse effect on competition as a whole in the relevant market; to prove that it was harmed as an individual competitor will not suffice.'" *Id.* (quoting *George Haug Co., Inc. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir. 1998)).

In *Bologna*, the complaint lacked any specific factual allegations concerning any injury to competition in the market, and identified the relevant market only in vague terms. Because the plaintiff "failed to show that the defendants' conduct had an adverse effect on the market as a whole, as opposed to simply himself as an individual competitor," the Court found that he lacked standing to maintain an antitrust claim. 138 F. Supp. 2d at 320.

Boyd's complaint lacks even the vague factual allegations that were found inadequate in *Bologna*. Boyd has failed to identify a relevant product market or the geographic boundaries of the market, or to allege that the USGA's determination had an adverse effect on competition in any market. Given the broadest possible reading, the Complaint alleges only that Boyd suffered an individual injury as the result of the USGA's interpretation of its own Rules of Golf. That allegation is insufficient. "The antitrust laws ... were enacted for the protection of competition, not competitors." *Bologna*, 138 F. Supp. 2d at 320 (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,

429 U.S. 477, 488 (1977)); *see also Piccone v. Bd. of Directors of Doctors Hospital of Staten Island, Inc.*, 2000 U.S. Dist. LEXIS 12249 (S.D.N.Y. Aug. 28, 2000) (finding no standing to maintain antitrust claims, where plaintiff alleged only an individual injury and failed to identify the relevant market). Accordingly, Boyd lacks standing to maintain an antitrust claim under either Section 1 or Section 2 of the Sherman Act.

## II. THE COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM UNDER SECTION 1 OF THE SHERMAN ACT.

To establish a violation of Section 1 of the Sherman Act, Boyd must allege "(1) a contract, combination or conspiracy; (2) a restraint of trade; and (3) an effect on interstate commerce." *Fuentes v. South Hills Cardiology*, 946 F.2d 196, 201 (3d Cir. 1991). Boyd has failed to plead *any* factual allegations in support of *any* element of a Section 1 violation.

### A. Boyd Has Failed to Plead The Existence of a Contract, Combination or Conspiracy.

To satisfy the first element of a cause of action under Section 1, a plaintiff must allege an "(1) agreement between two or more parties to achieve an illegal objective, (2) overt act in furtherance of that illegal objective and (3) resulting injury." *JES Properties, Inc. v. USA Equestrian, Inc.*, 253 F. Supp. 2d 1273, 1279 (M.D. Fl. 2003)

Boyd has not met his pleading burden. He does not allege that the USGA entered into any agreement with anyone else regarding Boyd's golf club design. Indeed, he alleges only that the USGA's unilateral determination, based on its interpretation of its own Rules of Golf, harmed him alone. However, "Section 1 of the Sherman Act does not proscribe independent action by a single entity, regardless of its purpose or effect on competition." *JES Properties, Inc.*, 253 F. Supp. 2d at 1279.

## B. Boyd Has Not Alleged an Agreement in Restraint of Trade.

Antitrust challenges to the rules and regulations of sports governing bodies are analyzed under the "rule of reason" test in accordance with *Silver v. New York Stock Exchange*, 373 U.S. 341 (1963), and its progeny. *Gunter Harz Sports, Inc. v. United States Tennis Association, Inc.*, 511 F. Supp. 1103, (D. Ne. 1981) (noting that courts have extended the reasoning of *Silver* to sanctioning organizations for amateur and professional sports), *aff'd,* 655 F.2d 222 (8th Cir. 1981); *see also Weight-Rite Golf Corp. v. United States Golf Assoc.*, 766 F. Supp. at 1104 (applying rule of reason analysis).

"The antitrust laws ... were enacted for the 'protection of competition, not competitors.'" *Brunswick Corp.*, 429 U.S. at 488 (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962)). Therefore, Boyd cannot prevail under a rule of reason analysis merely by showing that the USGA's determination injured him alone. Boyd must plead factual allegations that the USGA's challenged conduct substantially restrained competition in a relevant market. As the court explained in *Weight-Rite Golf Corp.*:

> [T]he true test of legality is whether the restraint imposed is such as merely regulates and perhaps thereby promotes competition or whether it is such as may suppress or even destroy competition. To determine that question the court must ordinarily consider the facts peculiar to the business to which the restraint is applied; its condition before and after the restraint was imposed; the nature of the restraint and its effect, actual or probable. The history of the restraint, the evil believed to exist, the reason for adopting the particular remedy, the purpose or end sought to be attained, are all relevant facts.

766 F. Supp. at 1109 (quoting *Chicago Board of Trade v. United States*, 246 U.S. 231, 238, 62 L. Ed. 683, 38 S. Ct. 242 (1918)).

In *Weight-Rite*, the plaintiffs alleged that the USGA violated Section 1 of the Sherman Act by determining that the plaintiffs' golf shoe did not conform to the Rules of Golf. The Court rejected that claim, holding that "[e]vidence that a single competitor has been removed from a relevant product market, in and of itself, is insufficient to establish a violation of the rule of reason." *Id.* Furthermore, the plaintiffs there failed to controvert the USGA's showing that the purpose of the Rules of Golf is to "preserve the traditions of the game, and to insure that a player's score is the product of his skill, rather than his equipment." *Id.*; *accord Gunter Harz Sports, Inc. v. United States Tennis Assoc.*, 511 F. Supp. 1103 (D. Neb. 1981) (holding no antitrust violation by USTA in banning double-strung rackets from USTA-sanctioned events, because no evidence that USTA intended to harm manufacturers or distributors; rather, the USTA's ruling "was intended to further the legitimate goals of preserving the essential integrity of the game of competitive tennis and conducting that game in an orderly fashion"), *aff'd*, 665 F.2d 222 (8th Cir. 1981).

Here, Boyd has failed to plead factual allegations showing an agreement in restraint of trade. The Complaint is devoid of any factual allegations defining a relevant market. Even if one were to assume that the relevant market is the market for golf clubs in the United States, Boyd has not alleged that the USGA's determination with respect to his golf club design will substantially restrain trade in that market. *See Weight-Rite*, 766 F. Supp. at 1110-11. Indeed, he has alleged only that the USGA's determination regarding his golf club design injured him alone. That is insufficient as a matter of law. "Showing injury to oneself as a competitor is insufficient to show that challenged

conduct will substantially restrain competition in the relevant product market." *JES Properties*, 253 F. Supp. 2d at 1281; *see also Weight-Rite*, 766 F. Supp. at 1111.

### C. The Complaint Fails to Allege That The USGA's Determination Adversely Affected Interstate Commerce.

"[I]n order to satisfy the interstate commerce element, the defendants' proscribed conduct must be within the stream of interstate commerce or have had a substantial and adverse effect on interstate commerce." *Fuentes v. South Hills Cardiology*, 946 F.2d 196, 201 (3d Cir. 1991); *see also Greene v. Connecticut Board of Accountancy*, 2001 U.S. Dist. LEXIS 12568 (D. Conn. Mar. 20, 2001).

In *Green*, the *pro se* plaintiff asked her prior employer to complete and mail an employer verification form to the Connecticut Board of Accountancy as part of her application to become a certified public accountant. The prior employer refused to submit the verification until the end of tax season, and the Board of Accountancy tabled plaintiff's application because it was incomplete. The Court dismissed the antitrust claims, reasoning that, even assuming the defendants had conspired against plaintiff, their conduct affected only her, "and thus it could not reasonably be expected to have had more than an insubstantial effect on interstate commerce." 2001 U.S. Dist. LEXIS 12568, at *16 n.10; *see also Jimi Rose v. The Morning Call Inc.*, 1997 U.S. Dist. LEXIS 3912, *31, 34 (E.D. Pa. Mar. 28, 1997) (dismissing antitrust claim under F.R.C.P. 12(b)(6), where the plaintiff failed to allege an impact on interstate commerce, or that the alleged antitrust conduct had "a not insubstantial effect" on interstate commerce).

Boyd has failed to allege that the USGA's conduct was within the stream of commerce or that its determination had a substantial and adverse effect on interstate commerce. Even accepting Boyd's sketchy allegations as true, the Complaint establishes

only an injury to Boyd. Individual injury in a market with other competitors "could not reasonably be expected to have ... more than an insubstantial effect on interstate commerce." *Greene,* 2001 U.S. Dist. LEXIS 12568, at *16 n.10.

\* \* \* \* \*

For the foregoing reasons, Boyd has failed to plead facts necessary to establish the elements of a cause of action under Section 1 of the Sherman Act.

### III. THE COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM UNDER SECTION 2 OF THE SHERMAN ACT.

Section 2 of the Sherman Act is directed against "every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States...." 15 *U.S.C.* § 2. "Broadly speaking, there are three distinct violations actionable under section 2 of the Sherman Act: (1) monopolization; (2) attempt to monopolize; and (3) conspiracy to monopolize." *JES Properties,* 253 F. Supp. 2d at 1283; *see also American Bearing Co. v. Litton Industries, Inc.,* 729 F.2d 943, 949 (3d Cir. 1984). Although the elements of the offenses are somewhat different, monopolization and attempts to monopolize share a number of common underlying characteristics.[3] *Id.* (citing ABA Section of Antitrust Law, Antitrust Law Developments (5th ed. 2002)).

To plead a violation of Section 2, Boyd must plead fact allegations that the USGA (1) possesses monopoly power in a relevant market (or a dangerous probability of the

---

[3] As discussed in Section II.A., *supra,* Boyd has not alleged an agreement, or any facts in support thereof. Thus, the Complaint is devoid of any allegations concerning any form of conspiracy.

USGA achieving monopoly power in that market);[4] (2) a specific intent to monopolize; and (3) that the USGA "engaged in predatory or anticompetitive conduct." *Marian Bank v. Electronic Payment Servs., Inc.*, 1997 U.S. Dist. LEXIS 21021, *65 (D. Del. Dec. 30, 1997); *see also Medtronic Minimed Inc. v. Smiths Med. MD Inc.*, 371 F. Supp. 2d 578, 586-87 (D. Del. 2005). In other words, Boyd must plead factual allegations that the USGA used its power to "'foreclose competition.'" *Medtronic*, 371 F. Supp. 2d at 586-87 (quoting *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 191 (3d Cir. 2005)). "'The test is not total foreclosure, but whether the challenged practices bar a substantial number of rivals or severely restrict the market's ambit.'" *Id.*

Boyd has not pled any factual allegations in support of a Section 2 violation. He has not alleged, for example, that the USGA obtained or maintained monopoly power in any relevant market by anticompetitive conduct. Boyd has alleged only an individual injury resulting from the USGA's determination (based on the USGA's interpretation of its own Rules of Golf) that his golf club design does not conform to the Rules of Golf. That allegation, standing alone, is insufficient to state a claim under Section 2 of the Sherman Act.

---

[4] Boyd's failure to allege facts establishing the relevant market is fatal to his Section 2 claim. *Superior Models, Inc. v. Tolkien Enterprises*, 1981 U.S. Dist. LEXIS 13905, *29 (D. Del. Aug. 14, 1981) ("With respect to plaintiff's section 2 charge, in the Third Circuit, along with a vast majority of other Circuits, the definition of the relevant market is also required in cases charging an attempt to monopolize.") (citing *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338 (3d Cir. 1975)).

## **CONCLUSION**

For the foregoing reasons, defendant United States Golf Association respectfully requests that this Court grant its motion to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ Dominick Gattuso
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Defendant United States Golf Association*

OF COUNSEL:

Lee N. Abrams, Esquire
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083


DATED: October 29, 2007

## CERTIFICATE OF SERVICE

I, Dominick T. Gattuso, hereby certify that on October 29, 2007, I caused to be electronically filed a true and correct copy of **Defendant's Opening Brief in Support of Its Motion to Dismiss For Failure to State a Claim** with the Clerk of Court by CM/ECF.

I further certify that I served a true and correct copy of the foregoing document on the plaintiff William Boyd in the manner indicated below:

### By Priority Mail

William Boyd
602 Tamara Circle
Newark, DE 19711

/s/ Dominick T. Gattuso
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com

{BMF-W0072561.}