# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
|            Plaintiff, | : |
| v. | : C.A. No. 07-379-JJF |
| UNITED STATES GOLF ASSOCIATION, a Delaware corporation, | : |
|            Defendant. | : |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant United States Golf Association*

OF COUNSEL:

Lee N. Abrams, Esquire
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083

DATED: November 29, 2007

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 4

    I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTUAL ALLEGATIONS ESTABLISHING THAT BOYD HAS STANDING TO ASSERT A CLAIM UNDER THE SHERMAN ACT ............................................................................................ 4

    II.    THE NEW ALLEGATIONS IN BOYD'S BRIEF DO NOT CURE THE FATAL DEFICIENCIES IN HIS PLEADING ..................................................... 5

        A.  Boyd Has Not Established That He Has Standing To Maintain An Antitrust Claim Against The USGA. ................................................................ 5

        B.  Boyd's Brief Does Not Assert Sufficient Facts To State A Claim Under Section 1 Of The Sherman Act .............................................................. 6

        C.  Boyd's Brief Does Not Assert Sufficient Facts to State a Claim Under Section 2 Of The Sherman Act…………………………………………............ 8

            1.  Boyd Has Not Asserted Facts Sufficient to Establish Monopolization Or An Attempt to Monopolize………………………………………………….8

            2.  Boyd Has Not Asserted Facts Sufficient To Establish A Conspiracy To Monopolize………………………………………………………………10

    III.  BOYD'S REQUEST TO AMEND HIS COMPLAINT SHOULD BE DENIED BECAUSE IT WOULD BE FUTILE……………………………………………11

CONCLUSION .................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**CASE**                                                                                                                                     **PAGE**

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ................................................................................. 2, 4, 5, 6, 7, 8

*Bologna v. Allstate Inc. Co.*,
   138 F. Supp. 2d 310 (E.D.N.Y. 2001) ........................................................................... 5

*Boyd v. Nannas*,
   C.A. No. 07-378-JJF, Mem. Op. (D. Del. July 30, 2007) ........................................... 3, 4

*California Dump Truck Owners Ass'n v. Associated Gen. Contractors of Am.*,
   562 F.2d 607 (9th Cir. 1977) ....................................................................................... 7, 8

*Coleman Motor Co. v. Chrysler Corp.*,
   525 F.2d 1338 (3d Cir. 1975) ........................................................................................... 9

*Commonwealth of Pennsylvania v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1987) ............................................................................................. 5

*Fuentes v. South Hills Cardiology*,
   946 F.2d 196 (3d Cir. 1991) ............................................................................................. 7

*George Haug Co., Inc. v. Rolls Royce Motor Cars, Inc.*,
   148 F.3d 136 (2d Cir. 1998) ......................................................................................... 5, 6

*Howard Hess Dental Laboratories, Inc. v. Dentsply International, Inc.*,
   2007 U.S. Dist. LEXIS 71563 (D. Del. Sept. 26, 2007) ................................................ 10

*Hunter Douglas, Inc. v. Comfortex Corp.*,
   44 F. Supp. 2d 145 (N.D.N.Y. 1999). ............................................................................. 6

*Jablonski v. Pan Am. World Airways, Inc.*,
   863 F.2d 289 (3d Cir. 1988) ........................................................................................... 11

*Lai v. Wei*,
   2007 U.S. Dist. LEXIS 47292 (D.N.J. June 26, 2007) .................................................. 11

*Marian Bank v. Electronic Payment Servs., Inc.*,
   1997 U.S. Dist. LEXIS 21021 (D. Del. Dec. 30, 1997) .................................................. 9

*Medtronic Minimed Inc. v. Smiths Med. MD Inc.*,
   371 F. Supp. 2d 578 (D. Del. 2005) ................................................................................. 9

*Pennsylvania ex rel. Zimmerman v. PepsiCo. Inc.,*
  836 F.2d 173 (3d Cir. 1988)..................................................................................................7

*Roberts v. The Mayor and Burgesses of the London Borough of Brent*,
  2003 U.S. App. LEXIS 13889 (3d Cir. July 9, 2003)............................................................11

*Superior Models, Inc. v. Tolkien Enterprises*,
  1981 U.S. Dist. LEXIS 13905 (D. Del. Aug. 14, 1981) ...........................................................9

*Telsat v. Entertainment & Sports Programming Network*,
  753 F. Supp. 109 (S.D.N.Y. 1990)..........................................................................................7

*United States v. Dentsply Int'l, Inc.*,
  399 F.3d 181 (3d Cir. 2005)....................................................................................................9

*Wages v. Internal Revenue Service*,
  915 F.2d 1230 (9th Cir. 1990) ..............................................................................................11

*Weight-Rite Golf Corp. v. United States Golf Assoc.*,
  1990 U.S. Dist. LEXIS 15461 (M.D. Fla. Sept. 12, 1990) .......................................................2

*Weight-Rite Golf Corp. v. United States Golf Assoc.*,
  766 F. Supp. 1104 (M.D. Fla. 1991), *aff'd*, 953 F.2d 651 (11th Cir. 1992) ........................1, 2

*Zeising v. Kelly*,
  152 F. Supp. 2d 335 (S.D.N.Y. 2001).....................................................................................5

## **PRELIMINARY STATEMENT**

In its opening brief, defendant United States Golf Association (the "USGA") demonstrated that the one paragraph, handwritten form complaint filed by plaintiff William Boyd ("Plaintiff" or "Boyd") is devoid of any factual allegations to support an antitrust claim, and therefore should be dismissed pursuant to Rule 12(b)(6). In his response, *Boyd makes no attempt to oppose the USGA's motion based on the allegations of his complaint*, thereby tacitly conceding that his pleading is legally defective. Because the Court may not consider allegations outside of the complaint in ruling on a Rule 12(b)(6) motion, this should be the end of the matter. The complaint should be dismissed.

Rather than attempt to defend the allegations of his complaint, Boyd asks the Court to consider several new allegations that he cannot plead consistent with his Rule 11 obligations. In particular, Boyd lifts from the USGA's website a list of more than 400 manufacturers whose products appear on the USGA's "List of Conforming Driver Heads"[1] and then asserts, falsely, that these manufacturers are "sponsors" of the USGA. (Ans. Br. at 2-6). Boyd then attempts to concoct an antitrust claim by asserting in conclusory fashion that the USGA has conspired with its "sponsors" to restrain competition from him and unnamed "similarly situated innovators." (*Id.* at 2; *see also id.* at 6).

In fact, the manufacturers listed in Boyd's answering brief are **not** sponsors of the USGA. The USGA is a non-profit association of golf clubs and golf courses. *Weight-Rite*

---

[1] *See* http://www.usga.org/equipment/conforming_golf_club/ConformingClubList_M.pdf.

*Golf Corp. v. United States Golf Assoc.*, 766 F. Supp. 1104, 1107 (M.D. Fla. 1991), *aff'd*, 953 F.2d 651 (11th Cir. 1992). Those manufacturers listed in Boyd's brief submitted driver heads that were evaluated and determined to conform to the Rules of Golf.[2] Those manufacturers are not members of the USGA, and they have no commercial relationship with the USGA. *See Weight-Rite Golf Corp. v. United States Golf Assoc.*, 1990 U.S. Dist. LEXIS 15461, *3 (M.D. Fla. Sept. 12, 1990) ("The USGA has submitted evidence that it does not manufacture or sell golf equipment, that none of the sixteen members of the Executive Committee which governs the USGA has any commercial relationship with any golf manufacturer, and that golf equipment manufacturers cannot become members of the USGA."). Boyd cannot, consistent with Rule 11, plead otherwise.

Whether this motion is decided on the basis of the allegations in Boyd's complaint, as it should be, or on the basis of the new (and false) allegations in his brief, the result should be the same. Earlier this year, the United States Supreme Court upheld the dismissal of claims asserted under Section 1 of the Sherman Act, emphasizing that antitrust discovery can be very expensive and that such discovery should be permitted only on the basis of allegations that set forth enough factual matter to suggest the existence of an agreement in restraint of trade. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966-67 (2007). As discussed below, *both* Boyd's complaint and his brief fail to recite facts that are sufficient to plausibly suggest the existence of an actual adverse effect on competition, or of any agreement in restraint of trade or to monopolize.

---

[2] *See* http://www.usga.org/equipment/conforming_golf_club/conforming_golf_club.asp.

Seeking a reprieve from his failure to plead facts sufficient to sustain an antitrust claim, Boyd asks the Court, in the alternative, to permit him to seek counsel (which he could have done long ago) and to amend his complaint. The Court should reject this request on the ground of futility, because Boyd has not identified any allegations that would allow him to survive a motion to dismiss.

Moreover, Boyd has now filed in this Court ten handwritten form complaints *pro se* against a variety of defendants, including the USGA, Wilmington Trust Company, an insurance company, his former accountant and various family members.[3] The Court summarily dismissed one of these actions as "frivolous." *Boyd v. Nannas*, C.A. No. 07-378-JJF, Mem. Op. at 5 (D. Del. July 30, 2007). A five-minute effort to fill out a form complaint should not provide license for any litigant, *pro se* or otherwise, to use this Court as a means of attempting to extract money or other concessions from defendants under threat of subjecting them to expensive and time-consuming discovery. Boyd has had ample opportunity to attempt to plead facts that support an antitrust claim, but he has failed to do so. At bottom, the allegations in Boyd's complaint reflect nothing more than the personal grievance of an individual whose golf club design was determined not to conform to the Rules of Golf. The Court should dismiss his complaint with prejudice.

---

[3] These actions are as follows: *Boyd v. Wilmington Trust Co.*, C.A. No. 07-376-JJF (filed 6/25/07); *Boyd v. Tempay*, C.A. No. 07-377-JJF (filed 6/25/07); *Boyd v. Nannas*, C.A. No. 07-378-JJF (filed 6/25/07); *Boyd v. United States Golf Association*; C.A. No. 07-379-JJF (filed 6/25/07); *Boyd v. Morris*, C.A. No. 07-578-JJF (filed 9/24/07); *Boyd v. Boyd*, C.A. No. 07-00579-JJF (filed 9/24/07); *Boyd v. Boyd*; C.A. No. 07-580-JJF (filed 9/24/07); *Boyd v. Insurance & Financial Services*, C.A. No. 07-581-JJF (filed 9/24/07); *Boyd v. Stratus Services Group Inc.*, C.A. No. 07-582-JJF (filed 9/24/07); *Boyd v. Garretson*, C.A. No. 07-583-JJF (filed 9/24/07).

# ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTUAL ALLEGATIONS ESTABLISHING THAT BOYD HAS STANDING TO ASSERT A CLAIM UNDER THE SHERMAN ACT OR STATING A CLAIM THEREUNDER.**

Rule 12(b)(6) motions test the sufficiency of a pleading. A pleader must do more than merely incant labels, conclusions and the formulaic elements of a cause of action. As this Court recently stated when dismissing another complaint filed by Boyd:

> A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations … are true (even if doubtful in fact)."

*Boyd v. Nannas*, C.A. No. 07-378-JJF, Mem. Op. at 3-4 (D. Del. July 30, 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

In its opening brief, the USGA identified numerous factual deficiencies in Boyd's Complaint:

> The Complaint does not allege, for example, (1) the existence of a conspiracy, (2) injury to competition in any relevant market, (3) a restraint of trade, (4) a substantial adverse effect on interstate commerce resulting from the USGA's purported action, or (5) that the USGA obtained or maintained monopoly power through anti-competitive conduct. Given its broadest reading, the Complaint alleges only that the USGA's ruling injured Boyd alone. That allegation is insufficient as a matter of law to plead an antitrust claim under either Section 1 or Section 2 of the Sherman Act.

(Op. Br. at 1). In his answering brief, Boyd does not cite a single factual allegation *from his Complaint* as a basis for opposing the USGA's motion. Instead, Boyd attempts to overcome the fatal deficiencies in his pleading by seeking to inject new allegations that appear for the first time in his brief. These new allegations are not properly before the

Court on the USGA's motion to dismiss. *See Zeising v. Kelly*, 152 F. Supp. 2d 335, 344 (S.D.N.Y. 2001) ("Plaintiff cannot 'cure' his pleading deficiencies in the complaint by addressing them in his motion papers."); *see also Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1987).

For the reasons explained in the USGA's opening brief, which Boyd has not attempted to rebut on the basis of factual allegations in his complaint, Boyd has failed to allege facts that, accepted as true, would establish that he has standing to maintain an antitrust claim under the Sherman Act, or that establish a violation of either Section 1 or Section 2 of the Sherman Act. Accordingly, this Court should dismiss Boyd's complaint with prejudice.

## II.   THE NEW ALLEGATIONS IN BOYD'S BRIEF DO NOT CURE THE FATAL DEFICIENCIES IN HIS PLEADING.

Even if the Court were to consider the new (and false) allegations in Boyd's brief, the motion to dismiss should be granted. As explained below, Boyd's new allegations are wholly conclusory and constitute nothing more than a "formulaic recitation of the elements of a cause of action" that the United States Supreme Court has explicitly rejected as a basis for asserting an antitrust claim. *Twombly*, 127 S. Ct. at 1965.

### A.   Boyd Has Not Established That He Has Standing To Maintain An Antitrust Claim Against The USGA.

To establish standing to maintain a claim under the Sherman Act, Boyd must allege "'that the challenged action has had an *actual* adverse effect on competition as a whole in the relevant market; to prove that [he] was harmed as an individual competitor will not suffice.'" *Bologna v. Allstate Inc. Co.*, 138 F. Supp. 2d 310, 319 (E.D.N.Y. 2001) (quoting *George Haug Co., Inc. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136,

139 (2d Cir. 1998)). "The relevant market must be defined according to both geography and the product or service at issue." *Hunter Douglas, Inc. v. Comfortex Corp.*, 44 F. Supp. 2d 145, 151 n.9 (N.D.N.Y. 1999).

The USGA's opening brief explained that Boyd does not have standing to maintain a claim under Section 1 or Section 2 of the Sherman Act because, given its broadest possible reading, the complaint alleges only that Boyd suffered an individual injury as a result of the USGA's interpretation of its own Rules of Golf.  (Op. Br. at 8-9). Boyd attempts to overcome this pleading deficiency by asserting in his answering brief that the USGA's interpretation of the Rules of Golf "has prevented and will continue to prevent similarly situated innovators from competing with the major market leaders." (Ans. Br. at 2).  This new allegation, however, is insufficient to establish standing.

Boyd is the only "innovator" that he identifies as having been affected by the USGA's determination that his product does not conform to the Rules of Golf.  It would be sheer speculation to infer that this determination has had an actual adverse effect on competition in any market.  Moreover, Boyd still has failed to identify a relevant product market or the geographic boundaries of any relevant market.  (*See* Op. Br. at 8). Accordingly, even when the allegations in Boyd's brief are considered, he has failed to allege facts that establish that he has standing to maintain a claim under Section 1 or Section 2 of the Sherman Act.

### B. Boyd's Brief Does Not Assert Sufficient Facts To State A Claim Under Section 1 Of The Sherman Act.

Courts do not permit antitrust claimants under Section 1 to set in motion costly antitrust discovery merely by intoning the word "conspiracy." *See, e.g., Twombly,* 127 S. Ct. at 1966-67 (holding that the antitrust conspiracy alleged must be "plausible" in order

to survive a motion to dismiss). Boyd "must do more than merely allege that a conspiracy exists, [he] must provide some factual basis for that allegation." *Telsat v. Entertainment & Sports Programming Network*, 753 F. Supp. 109, 115 (S.D.N.Y. 1990); *see also Fuentes v. South Hills Cardiology,* 946 F.2d 196, 201 (3d Cir. 1991). Boyd cannot satisfy this burden.

In his brief, Boyd alleges in conclusory fashion that the "influence" of more than 400 alleged "sponsors" of the USGA "constitutes and furthers an agreement" among them to bar "innovative new club maker's [sic] products" from the golf club market. (Ans. Br. at 3, 6). Putting aside the fact that the premise of this allegation is false (because the golf club manufacturers listed in Boyd's brief are not sponsors of the USGA), Boyd has failed to provide any factual basis for his assertion that any agreement exists between those manufacturers and the USGA. For example, Boyd does not, and cannot consistent with Rule 11, allege any facts demonstrating that these hundreds of golf club manufacturers have any commercial relationship with the USGA, or that they play any role whatsoever in the USGA's determination of which items of golf equipment (other than their own) conform to the Rules of Golf and which do not.[4]

The Third Circuit has expressly rejected conclusory assertions of a conspiracy similar to those made by Boyd. *E.g., Pennsylvania ex rel. Zimmerman v. PepsiCo. Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("Only allegations of conspiracy which are particularized … will be deemed sufficient."). The Ninth Circuit ruled similarly in

---

[4] Indeed, the assertion that more than 400 manufacturers of golf clubs have come to some undefined "agreement" to boycott "innovative new club maker's [sic] products" is implausible on its face. The logical inference to be drawn from such an extensive list of manufacturers, and the fact that many of the names on the list are obscure, is that there is a diverse and competitive market in the manufacture and sale of golf clubs.

*California Dump Truck Owners Ass'n v. Associated Gen. Contractors of Am.*, 562 F.2d 607 (9th Cir. 1977). There, the court examined an allegation that the defendants "combined and conspired ... [t]o fix and maintain the price which plaintiffs may charge defendants for their services in the Southern District of California." *Id.* at 614. Finding this allegation too "broad and vague" to provide the defendants with adequate information, the court concluded that "the amended complaint fails to adequately inform the [defendants] of [plaintiffs'] claim of a combination or conspiracy." *Id.* at 615. This Court should reach the same result.

### C. Boyd's Brief Does Not Assert Sufficient Facts To State A Claim Under Section 2 Of The Sherman Act.

#### 1. Boyd Has Not Asserted Facts Sufficient To Establish Monopolization Or An Attempt To Monopolize.

In his brief, Boyd asserts in conclusory fashion that the USGA "possess[ed] monopoly power" which it used "to exclude innovative new entrants" from the golf club market, and that its actions evidenced "predatory, anticompetitive conduct intended to foreclose competition." (Ans. Br. at 6). Boyd's "obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65.

To plead monopolization or attempted monopolization in violation of Section 2, Boyd must plead credible, factual allegations that (1) the USGA possesses monopoly power in a relevant market (or that there is a dangerous probability of the USGA achieving monopoly power in that market); (2) the USGA had a specific intent to monopolize; and (3) the USGA "engaged in predatory or anticompetitive conduct."

*Marian Bank v. Electronic Payment Servs., Inc.*, 1997 U.S. Dist. LEXIS 21021, *65 (D. Del. Dec. 30, 1997); *see also Medtronic Minimed Inc. v. Smiths Med. MD Inc.*, 371 F. Supp. 2d 578, 586-87 (D. Del. 2005). In other words, Boyd must plead factual allegations that the USGA used its power to "'foreclose competition'" in the relevant market. *Medtronic*, 371 F. Supp. 2d at 586-87 (quoting *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 191 (3d Cir. 2005)). Boyd has not done so.

Boyd's brief contains no factual allegations to support his assertion that the USGA possesses monopoly power. For example, Boyd does not, and cannot consistent with Rule 11, allege any fact establishing that the USGA is a manufacturer, seller or distributor of golf clubs; that the USGA sets the price of golf clubs in any market; or, that the USGA controls a share of the golf club market through which it is able to affect the supply of golf clubs entering the market.

Boyd also has failed to allege facts evidencing the relevant market. That defect is fatal to his Section 2 claim. *Superior Models, Inc. v. Tolkien Enterprises*, 1981 U.S. Dist. LEXIS 13905, *29 (D. Del. Aug. 14, 1981) ("With respect to plaintiff's section 2 charge, in the Third Circuit, along with a vast majority of other Circuits, the definition of the relevant market is also required in cases charging an attempt to monopolize.") (citing *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338 (3d Cir. 1975)). Nor does Boyd allege any facts demonstrating that the USGA had a "specific intent to monopolize" or that the USGA engaged in "anticompetitive conduct."

### 2. Boyd Has Not Asserted Facts Sufficient To Establish A Conspiracy To Monopolize.

Boyd's brief also states that the USGA and its alleged sponsors "conspire[ed] to monopolize the golf club market" through the "arbitrary interpretation" of the USGA's Rules of Golf "to exclude innovative new entrants" from that market. (Ans. Br. at 6.) This assertion constitutes nothing more than a recitation of the elements of a claim. It does not come anywhere close to satisfying Boyd's burden of pleading credible facts that evince (i) the existence of a combination or conspiracy to monopolize; (ii) an overt act in furtherance of the conspiracy; and (iii) a specific intent to monopolize. *Howard Hess Dental Laboratories, Inc. v. Dentsply International, Inc.,* 2007 U.S. Dist. LEXIS 71563, *47-48 (D. Del. Sept. 26, 2007). Boyd's Section 2 conspiracy to monopolize claim suffers from the same defect as his Section 1 claim: the absence of any credible, factual allegations from which the Court could reasonably infer the existence of a conspiracy.

\* \* \* \* \*

Even when the new allegations in his brief are considered, Boyd's claims of monopolization, attempted monopolization and conspiracy to monopolize are devoid of sufficient supporting factual allegations and thus fail as a matter of law.

### III. BOYD'S REQUEST TO AMEND HIS COMPLAINT SHOULD BE DENIED BECAUSE IT WOULD BE FUTILE.

In the last sentence of his brief, Boyd requests "that the Court allow [him] a reasonable time to retain counsel and amend [his] complaint." (Ans. Br. at 6). Although a plaintiff may be entitled to amend his complaint as a matter of right under Rule 15(a) where no responsive pleading has been filed, the right to amend should be denied if the amendment would be futile. *Roberts v. The Mayor and Burgesses of the London Borough of Brent*, 2003 U.S. App. LEXIS 13889, *9-10 (3d Cir. July 9, 2003). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citations omitted); *see also Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (denying *pro se* plaintiffs' motion to amend because the amendment would not cure the "fundamental defects" in the complaint).

The only additional facts that Boyd has identified for inclusion in an amended complaint are those set forth in his brief. As explained above, putting aside the fact that the core of Boyd's new allegations are false and cannot be pled consistent with Rule 11,[5] consideration of those allegations would not cure the fatal defects in Boyd's pleading. Accordingly, the Court should deny Boyd's request to amend his complaint because amendment here would be futile.

---

[5] If Boyd were permitted to amend his complaint, he would be subject to sanctions under Rule 11 if he included false allegations of fact. *See Lai v. Wei*, 2007 U.S. Dist. LEXIS 47292, *12-13 (D.N.J. June 26, 2007) (awarding sanctions against *pro se* plaintiff because plaintiff was on notice that her claims were futile prior to filing current action).

## CONCLUSION

For the foregoing reasons, and the reasons stated in its opening brief, defendant United States Golf Association respectfully requests that this Court grant its motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief, and deny plaintiff William Boyd's request, in the alternative, for leave to amend his complaint.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ Dominick T. Gattuso
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com

*Attorneys for Defendant United States Golf Association*

OF COUNSEL:

Lee N. Abrams, Esquire
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083

DATED: November 29, 2007

## **CERTIFICATE OF SERVICE**

I, Dominick T. Gattuso, hereby certify that on November 29, 2007, I caused to be electronically filed a true and correct copy of **Defendant's Reply Brief in Support of Its Motion to Dismiss for Failure to State a Claim** with the Clerk of Court by CM/ECF.

I further certify that I served a true and correct copy of the foregoing document on the plaintiff William Boyd in the manner indicated below:

### **By First Class Mail Return Receipt Requested**

William Boyd
602 Tamara Circle
Newark, DE 19711

/s/ Dominick T. Gattuso
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
BOUCHARD MARGULES & FRIEDLANDER, P.A
222 Delaware Ave, Suite 1400
Wilmington, DE  19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com

{BMF-W0075028.8}