| | |
|---|---|
| WILLIAM BOYD : | |
| Plaintiff, : | |
| VS. : | C.A. No. 07-379-JJF |
| UNITED STATES GOLF ASSOCIATION : | |
| Defendant : | |

William Boyd
602 Tamara Circle
Newark, DE 19711
(302)368-9049

<u>Plaintiff's Brief Defendants Reply</u>

Defendant's Council

Dominick T. Gattuso

Bouchard Margules & Friedlander, P.A.

Andre G. Bouchard (#2504)

Dominick T. Gattuso (#3630)

222 Delaware Ave, Suite 1400

Wilmington, DE 19801

Telephone: (302) 573-3500

Lee N. Abrams, Esquire

MAYER, BROWN, ROWE & MAW LLP

71 South Wacker Drive

Chicago, Illinois 60606

(312) 701-7083

Date: 12/05/07

1

### Defendants Reply

The USGA is claiming that I am individual claiming grievance by the USGA's actions. However, this is not true. The USGA has even stated in their rejection letter to me that several manufacturers have presented asymmetrical grooves like mine and they refused them. (Please refer to the letter that is attached. Go **Marquis Golf – CMT SW Appeal Summary** / **Marquis Golf Position** / **USGA Staff Position,** the first paragraph and the last sentence. (The USGA sent me this letter by email and mail.)

> Additionally, the USGA has determined in prior decisions that several asymmetric groove designs submitted for evaluation did not conform to the Rules of Golf, based upon the same rationale that was applied to the CMT sand wedge.

The letter the USGA sent proves there are numerous others. Also, there were two other innovators who were presenting their products to the USGA's appeal system at the same days that I presented my golf club who did not receive approval. There are many more that the USGA is closing the door on.

The USGA knows and The USGA has admitted they have monopoly power. The USGA is abusing their power. The conspiracy is there and the misuse is going on. The USGA kept me and other manufacturers out by saying that grooves must be symmetrical. In their rule book, it does not say that anywhere. The USGA uses the wording "may" and "may be" numerous times in their rule book and every time the USGA uses these words it means "one possibility" (not the only possibility). The USGA eliminates any innovators who are not within their plan of their conspiracy by this.

Therefore, I respectfully ask this honorable Court to deny the USGA's motions. In the alternative, I respectfully request that the Court allow me a reasonable time to retain counsel and amend my complaint. In addition, I am asking that the Court order the USGA to find my design in conformity with its rules. I thank the Court for not being offended of my hand written complaint and I thank the Court for the respect they are giving me while I am exercising my civil judicial rights of being pro se. Again, I appreciate the Courts time and understanding in this matter.

Respectfully,

*William Boyd*
William Boyd

CC: *Opposing Counsel's names*

Defendant's Council info:
Dominick T. Gattuso
Bouchard Margules & Friedlander, P.A.
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
Lee N. Abrams, Esquire
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083

# **CERTIFICATE OF SERVICE**

I, William Boyd, hereby certify that on December 05, 2007, I delivered and served a true and correct copy of Petitioner's Response to the "Defendant's Reply" to the Clerk of Court of the USDC of Delaware for civil action number 07-379.

I further certify that I served a true and correct copy of the foregoing document on the Defendant USGA's Council Dominick T. Gattuso in the manner of priority mail.


Thank you,

*[signature: William Boyd]*

William Boyd
602 Tamara Circle
Newark, DE 19711
(302) 368-9049
Defendant's Council
Dominick T. Gattuso
Bouchard Margules & Friedlander, P.A.
Andre G. Bouchard (#2504)
Dominick T. Gattuso (#3630)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500

Lee N. Abrams, Esquire
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7083

February 13, 2007

Mr. William Boyd
Owner
Marquis Golf
602 Tamara Circle
Newark, DE 19711

Dear Mr. Boyd:                                              Decision: 2006- 735

This letter is in reference to your February 1, 2007 appeal to the USGA Executive Committee of the USGA Equipment Standards Committee's decision of October 2006 regarding the **CMT SW**. The **CMT SW** is a blade-style wedge with grooves that have an asymmetric cross-section.

The Executive Committee has carefully considered the materials that you provided on appeal to the Equipment Standards Committee, and your appearance before the Executive Committee in San Francisco requesting reversal of the decision that the **CMT SW** does not conform with Rule 5c(i) in Appendix II of the Rules of Golf.

Please be advised that the Executive Committee has denied your appeal, upholding the Equipment Standards Committee's October 2006 decision. Attached please find a summary of the USGA position and chronology, which was previously provided to you. There are no further appeal options available within the USGA evaluation process.

I will be pleased to answer any further questions that you may have with regard to the above.

Sincerely,


Dick Rugge
Senior Technical Director
United States Golf Association

DR:sc

Enclosure

## Marquis Golf – CMT SW Appeal Summary

### Marquis Golf Position

*The language of the Rule stating that 'grooves with a symmetrical cross-section may be used' does not provide that grooves with other than symmetrical cross-sections may not be used. As a result, the groove design of the CMT wedge meets all of the requirements set forth in Rule 5c(i), Appendix II. The illustration referenced by the specified provision does not cover all of the ways that a groove must be made or could be made to conform. For example, the illustration does not indicate all of the depths at which a groove can conform, only the maximum depth. Likewise, the illustration does not indicate all of the widths at which a groove can conform, only the maximum width. It follows that, even though the illustration demonstrates three types of symmetric grooves, there are other possible geometrical configurations that are not shown.*

### USGA Staff Position

The first provision under Rule 5c(i), Appendix II has always meant that grooves on woods and irons must be, among other things, symmetrical in cross-section. The phrase 'may be used' means that grooves are not required to be placed on the clubface. In other words, grooves on a clubface are optional, not mandatory. However, if grooves are added, they must be symmetrical in cross-section and must meet all of the other applicable requirements set forth in the Rules. Figure IX in Appendix II represents an illustrative impact area and is not intended to represent all potential conforming and non-conforming design configurations. Additionally, the USGA has determined in prior decisions that several asymmetric groove designs submitted for evaluation did not conform to the Rules of Golf, based upon the same rationale that was applied to the CMT sand wedge.

On several occasions prior to submission of the prototype sample, the USGA staff advised Mr. Boyd that woods and irons incorporating grooves with non-symmetrical cross-sections do not conform to the Rules of Golf. Attached is a chronology of the communications between the USGA and Mr. Boyd regarding this matter.

1

**Chronology**

**9/29/2005** – Mr. Boyd faxed a copy of his concept to Bernie Loehr, a USGA Rules of Golf Associate. Mr. Boyd had initially contacted Mr. Loehr, probably because Mr. Boyd had asked to speak with someone in the Rules of Golf Department. Upon learning the nature of his question, Mr. Loehr advised Mr. Boyd that his question was best suited for the Equipment Standards Department. He told Mr. Boyd that if Mr. Boyd sent him documentation, he would forward it to the Equipment Standards Department.

**10/11/2005** – Mr. Boyd faxed a copy of his concept to Jeff Banchansky, Equipment Rulings Liaison in the Equipment Standards Department. Mr. Banchansky advised Mr. Boyd that the groove configuration of his concept was not permitted under the Rules of Golf because the grooves were not symmetrical. He referred Mr. Boyd to Rule 5c(i), Appendix II of the Rules of Golf.

**10/13/2005** – After speaking with Mr. Banchansky, Mr. Boyd contacted Mr. Loehr and stated that after reviewing Rule 5c(i), Appendix II, he believed that his groove design did conform to the Rules. Mr. Loehr referred the matter to Mr. Banchansky.

**October 2005** – Mr. Banchansky and Mr. Boyd had another discussion regarding Mr. Boyd's groove concept. Mr. Banchansky again informed Mr. Boyd that the groove configuration did not conform to the Rules of Golf. Mr. Boyd stated that he believed that his interpretation of the Rules is correct. Mr. Banchansky scheduled a conference call so that Mr. Boyd, Mr. Banchansky and Carter Rich, Manager of Equipment Standards, could discuss the matter.

**November 2005** – Mr. Boyd, Mr. Banchansky and Mr. Rich spoke regarding Mr. Boyd's design concept. Mr. Rich advised Mr. Boyd that since the wording first appeared in the Rules of Golf, the intent of the provision in Rule 5c(i), Appendix II referred to by Mr. Boyd always has been that all grooves must be symmetrical in cross-section. However, Mr. Boyd still took issue with the wording. Mr. Rich advised him that, as with any design concept, in order to obtain an official ruling, he would have to submit a prototype or finished sample of the concept to the USGA for evaluation.

**7/25/2006** – Mr. Boyd submitted a sample prototype wedge to the USGA for evaluation.

**8/17/2006** – The USGA advised Mr. Boyd by letter that the design did not conform to Rule 5c(i) in Appendix II of the Rules of Golf because grooves in the impact area must be straight with diverging sides, and must be symmetrical in cross-section.

**August 2006** – Mr. Boyd and Mr. Rich had several conversations regarding the basis of the decision, as well as the appeals process. Mr. Boyd advised Mr. Rich that he wished to appeal to the Equipment Standards Committee. He sent formal notice of appeal on **8/30/2006**.

**September 2006** – Mr. Boyd and Mr. Rich had several discussions regarding the details of the appeal process.

**October 6, 2006** – Mr. Boyd appeared before the Equipment Standards Committee and presented his appeal.

2

**October 12, 2006** – Mr. Boyd contacted the USGA regarding the Equipment Standards Committee's appeal decision. Mr. Rich advised Mr. Boyd that the Committee had denied his appeal and a lengthy discussion ensued regarding the USGA's position.

**October 18, 2006** - The USGA advised Mr. Boyd by letter that the Equipment Standards Committee had denied his appeal.

**February 1, 2007** – Mr. Boyd appeared before the Executive Committee and presented his appeal. He did not provide any written documentation for the Committee to consider prior to the appeal.